**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEFFREY A. MARLOW,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 04-CV-4175-JPG** |
| vs. | ) | |
| | ) | **CRIMINAL NO. 02-CR-40075** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. Petitioner pleaded guilty to one count of being a felon in possession of a firearm and one count of possessing materials used to manufacture methamphetamine. On August 21, 2003, Petitioner was sentenced to 46 months imprisonment, three years supervised release, a fine of $200, and a special assessment of $200. No appeal was filed and, on September 7, 2004, Petitioner filed the instant motion under § 2255.[1]

In his motion, Petitioner raises three grounds for relief: (1) his sentence is invalidated by *Blakely v. Washington*, 124 S.Ct. 2531 (2004); (2) Counsel was ineffective at trial in failing to challenge the validity of the search and the evidence obtained in that search, and at sentencing in failing to argue the applicability of *Jones v. United States,* 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and (3) his conviction was obtained due to evidence obtained in

---

[1] Although this case was filed with the Clerk on September 7, Petitioner's certificate of service attached to his memorandum (Doc. 2) states that he mailed the pleadings on September 1. Giving him the benefit of the mailbox rule, the Court finds that this action is timely filed, just barely. *See generally* 28 U.S.C. § 2255; FED.R.APP.P. 4(b)(1)(A), 25(a)(2)(C).

violation of his rights under the Fourth Amendment.

The Seventh Circuit already has held that the ruling in *Blakely* does not apply retroactively to convictions that were final prior to the decision in *United States v. Booker*, 125 S.Ct. 738 (2005). *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005).  Therefore, *Blakely* does not invalidate Petitioner's sentence, and this claim is **DISMISSED** from this action *without prejudice* to Petitioner filing a new § 2255 motion, *if* the United States Supreme Court announces that *Blakely* and *Booker* apply retroactively on collateral review.

The Court **ORDERS** the Government to file a response to the remaining claims in Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

Petitioner's motion for a show cause order (Doc. 3) is hereby **MOOT**.

**IT IS SO ORDERED.**

**Dated: February 3, 2006**

                           s/ J. Phil Gilbert
                           **U. S. District Judge**