IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY MARLOW, | ) |
| | ) |
|     Petitioner/Defendant, | ) |
| | ) |
| vs. | ) Civil No. 04-CV-4175-JPG |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent/Plaintiff. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Marlow's motion to vacate and set aside his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). The government has responded to Marlow's motion (Doc. 8) and the matter is now ripe for decision. For the following reasons, his motion will be **DENIED**.

**BACKGROUND**

On April 8, 2003, Marlow pleaded guilty to a two-count indictment charging him with unlawful possession of a firearm (Marlow was a convicted felon) and unlawful possession of materials used to manufacture methamphetamine. (Case No. 02-cr-40075-JPG, Doc. 18). He entered into a non-cooperating plea agreement with the government and, in conjunction with this plea, stipulated to certain facts. (Doc. 8, Exs. 3, 4). After he pleaded guilty, the United States Probation Office prepared a Presentence Investigation Report (PSR) for the Court. Marlow objected to two recommendations in the PSR: the calculation of his criminal history and the two-point enhancement for his possession of a firearm pursuant to U.S.S.G § 2D1.1(b)(1). (02-40075, Doc. 27). At his sentencing hearing, this Court denied his objection to the criminal history calculation (Sent. Tr. at 6) and granted his objection to the firearm enhancement (*Id*. at 32-33). It then

1

sentenced Marlow to a term of imprisonment of 46 months, 3 years' supervised release, a $200 fine and $200 special assessment.  (02-40075, Doc. 28).  Marlow did not appeal his sentence.

Marlow filed the instant motion on September 7, 2004.  Two of his claims passed initial screening: (1) that his trial counsel was ineffective when he failed to challenge the validity of the search warrant leading to the indictment and failed to argue the applicability of *Jones v. United States*, 526 U.S. 227 (1999), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (2) that this Court imposed sentence based on evidence obtained in violation of Marlow's rights under the Fourth Amendment.  (Doc. 4).

## ANALYSIS

The Court must grant a § 2255 motion when a defendant's "sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255.  However, "[h]abeas corpus relief under 28 U.S.C. § 2255 is reserved for extraordinary situations[,]" *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996), and is available only if an error is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Barnickel v. United States*, 113 F.3d 704, 705 (7th Cir. 1997) (quotations omitted).

A defendant cannot raise in a § 2255 motion constitutional issues that she could have but did not raise in a direct appeal unless she shows good cause for and actual prejudice from her failure to raise them on appeal or unless the failure to consider the claim would result in a fundamental miscarriage of justice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000); *Prewitt*, 83 F.3d at 816.

    **A.**    **Marlow's Fourth Amendment Claim**

Marlow claims his sentence was unconstitutional because the search warrant that led to his arrest and conviction was not supported by probable cause. He claims he was deprived of a full and fair opportunity to litigate its validity. The government claims Marlow waived his right to challenge the search warrant when he entered into a plea agreement and stipulation of facts with the government. It contends that an analysis of the plea agreement discloses that the only issue the parties intended to preserve was the applicability of the § 2D1.1(b)(1) enhancement. As the agreement and stipulation "constitute[d] the entire agreement" between the parties, and Marlow agreed not to contest the validity of the search warrant or the search itself[1], the government believes he has waived this claim. (Doc. 8 exs. 3, 4).

A defendant should not take his decision to plead guilty lightly, for, as this case illustrates, there are serious consequences that attend this decision. When a defendant enters into an unconditional plea of guilty, he waives any non-jurisdictional defect occurring before the plea, including a claim under the Fourth Amendment. *United States v. Galbraith*, 200 F.3d 1006, 1010 (7th Cir. 2000); *United States v. Cain*, 155 F.3d 840, 842 (7th Cir.1998) (citations omitted). While it is true a defendant may condition his guilty plea on his ability to seek review of an adverse ruling under Federal Rule of Criminal Procedure 11, Fed.R.Crim.P. 11(a)(2); *Galbraith*, 200 F.3d at 1010, to do so effectively, "the plea must precisely identify the pretrial issues which the defendant wishes to preserve for review, and must demonstrate that a decision on one of those issues will dispose of the case." *Cain*, 155 F.3d at 842. Nothing in the plea suggests that it was conditioned upon Marlow's ability to seek review of the validity of the search warrant. A review of the plea hearing

---

[1] In the stipulation of facts, Marlow stipulated that he "does not contest any aspect of the State authorized search warrant or the actual search itself." (Doc. 8, ex. 2 at 2).

transcript similarly fails to disclose any indications of conditionality. If there were any doubt on this issue, which there is not, he expressly agreed in his stipulation of facts that he would not contest the validity of the search warrant leading to his conviction. (Doc. 8 ex. 4). For these reasons, the Court concludes that Marlow waived his right to object to the unconstitutionality of the search warrant on appeal and by collateral attack. Furthermore, as the Court's discussion below shows, its failure to consider this issue will not result in a fundamental miscarriage of justice.

      B.      **Marlow's Ineffective Assistance Claim**

To succeed on his ineffective assistance claim, Marlow must show that his counsel's performance "fell below an objective level of reasonableness" and that his error(s) prejudiced the outcome of the proceedings. *United States v. Allender*, 62 F.3d 909, 913 (7th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

In addressing the performance prong of the *Strickland* test, this Court must defer to counsel's decisions and entertain a presumption that he acted reasonably. *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997). Marlow bears the "heavy burden" of showing that counsel's performance fell well outside the range of professionally competent representation. *United States v. Moya-Gomez*, 860 F.2d 706, 763-64 (7th Cir. 1998). When it assesses counsel's performance, the Court must look at his actions "in the context of the case as a whole, viewed at the time of the conduct, and there is a strong presumption that any decisions by counsel fall within a wide range of reasonable trial strategies." *Valenzuela v. United States*, 261 F.3d 694, 698-99 (7th Cir. 2001) (internal citations and quotations omitted). Importantly, it is not the Court's place to "second guess [counsel's] strategic choices." *Williams*, 106 F.3d at 1367.

To make his showing on the prejudice prong, Marlow must show with a "reasonable probability" that without counsel's error the result of the proceeding would have been different and that the error made the proceeding unfair or unreliable. *Valenzuela*, 261 F.3d at 699. A reasonable probability "is a probability sufficient to undermine confidence in the outcome." *Emezuo v. United States*, 357 F.3d 703, 708 (7th Cir. 2004) (quoting *Strickland*, 466 U.S. at 694).[2] The Court must not forget that "the ultimate objective [of our legal system is] that the guilty be convicted and the innocent go free." *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996) (citation omitted).

Marlow contends counsel was ineffective for failing to challenge the search warrant and for failing to argue the applicability of *Jones v. United States* and *Apprendi*.

i. **The Search Warrant**

Marlow attached the affidavit in support of the state search warrant – which he claims was insufficient to establish probable cause – as an exhibit to his motion. (Doc. 2 at 22-23). In this affidavit, the Cumberland County Sheriff, Stephen Ozier, related how his deputy, David Reed, smelled "a strong chemical odor" coming from Marlow's residence while on patrol four times between 9:45 p.m. September 22 and 5:30 a.m. September 23, 2002. (*Id*. at 22). Ozier drove by Marlow's residence on the morning of September 23 and smelled the odor as well. Ozier, through his training and experience, recognized the odor as that which results from methamphetamine production. The affidavit also recited a number of Marlow's previous convictions for drugs and information Ozier received by fax on September 23 from the Effingham County Sheriffs

---

[2] The Court need not evaluate both prongs of the *Strickland* test; "if it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (quoting *Strickland*, 466 U.S. at 697).

Department.  In this fax, the Sheriffs Department related the details of a stop of a vehicle in which Marlow was a passenger, which took place on September 10, 2002.  During this stop, officers found and confiscated various materials associated with the production of methamphetamine.  (*Id*. at 23).  The warrant also included the location and description of Marlow's residence – a single story white house with a detached white garage located at 1206 E. Cumberland Street, Jewett, Illinois.  Based on this affidavit the magistrate issued a warrant.

The warrant was not supported by probable cause, Marlow says, because he was not cooking methamphetamine when the officers drove by and even if he was, they could not have smelled anything patrolling in their cars.  Marlow admits that chemical odors may have been present those days, but says they were from materials associated with the mechanic's operation he ran out of his garage.

Marlow's trial counsel, Assistant Federal Public Defender (now the Federal Public Defender) Phillip Kavanaugh, submitted an affidavit to the government detailing the relevant aspects of his representation of Marlow.  (Doc. 8 ex. 1).  In essence, Kavanaugh submits that recommending against a challenge to the search warrant was a strategic choice taken after the careful consideration of the circumstances of Marlow's case.  First, Kavanaugh and an investigator visited Marlow's house and spoke to his neighbors. (Doc. 8 ex. 1 at 4).  The neighbors said they had noted suspicious activity at the house and had smelled "strong noxious odors emanating from on or about the residence at all times of the day and night." (*Id*.).  Based on this information and his visit to the property, Kavanaugh concluded that an officer on routine patrol could have smelled the byproducts of a meth cook from their cars.  Second, Kavanaugh had one of his staff attorneys conduct legal research on the validity of the search warrant at issue here.  His staff attorney produced several cases

holding that an experienced officer's recognition of odors associated with drugs can constitute probable cause to issue a search warrant. *See, e.g., United States v. Sweeney*, 688 F.2d 1131, 1135 (7th Cir. 1982); *Leatherman v. Tarrant County*, 28 F.3d 1388 (5th Cir. 1994); *United States v. Johns*, 948 F.2d 599 (9th Cir. 1991). Kavanaugh relayed this information to Marlow.

Perhaps more important were Kavanaugh's dealings with state and federal prosecutors regarding state charges pending against Marlow resulting from his September 23 arrest and for an unrelated arrest on May 10, 2002. The federal prosecutor told Kavanaugh (who told Marlow) that if Marlow proceeded to trial on the federal charges at issue here, his May 10 arrest would be the subject of a separate successive federal prosecution. (*Id*. at 2). If Marlow challenged the validity of the September 23 search warrant, the prosecutor told Kavanaugh that a successive federal gun prosecution (Marlow was charged with being a felon in possession of a firearm in state court after his May 10 arrest) would be filed against Marlow as well. For all these reasons, Kavanaugh recommended, and Marlow agreed, that a challenge to the search warrant would be a mistake. (*Id*. at 5-6).

When an attorney charged with ineffective assistance of counsel articulates a coherent reason for a strategic decision, courts will defer to that choice. *See, e.g., United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). If the decision was reasonable when made, it cannot support a claim for ineffective assistance. *Id*. Given that Kavanaugh went to Marlow's home and obtained independent confirmation that chemical odors were often noticed emanating from his property, the Court will not question the reasonableness of his determination that officers could indeed have smelled the odors from their patrol cars.

Kavanaugh's legal conclusions were supported by case law in this circuit and others. The Supreme Court of the United States has long recognized that the odor of drugs, combined with other information, can provide sufficient probable cause for the issuance of a search warrant. *Johnson v. United States*, 333 U.S. 10, 13 (1948) ("If the presence of odors is testified to before a magistrate and he finds the affiant qualified to know the odor, and it is one sufficiently distinctive to identify a forbidden substance, this Court has never held such a basis insufficient to justify issuance of a search warrant."). The Seventh Circuit first applied this principal to methamphetamine in 1982. *See Sweeney*, 688 F.2d at 1136. Other courts of appeals have held similarly. *See, e.g., United States v. Clayton*, 210 F.3d 841, 845 (8th Cir. 2000); *United States v. Rhiger*, 315 F.3d 1283, 1289-90 (10th Cir. 2003); *United States v. Dickey*, 102 F.3d 157, 162 (5th Cir. 1996). After reviewing the information in Kavanaugh's affidavit and that provided by Marlow and the government in their briefs, the Court finds that Kavanaugh's decision not to file a motion to suppress was a reasonable strategic decision. Though the Court need not address the second prong, it will make two additional observations.

When the basis of an ineffective assistance claim is an attorney's failure to file a motion to suppress, the defendant must show that the motion would have been meritorious. *Cieslowski*, 410 F.3d 353 at 360. Marlow's most persuasive attack on the validity of the warrant is that the officers could not have smelled the products of a meth cook from within their patrol cars. Kavanaugh's investigation showed that the neighbors had often smelled noxious odors coming from Marlow's property. In light of this information, it is plausible that an officer could smell the odor from his car. *See United States v. Richey*, No. 05-3430, 2006 WL 770490, at *1-2 (8th Cir. Mar. 28, 2006) (unreported decision). In any event, Marlow has not shown that suppression would have been

8

warranted under *United States v. Leon*. 468 U.S. 897, 926 (1984) and *United States v. Griffin*, 827 F.2d 1108 (7th Cir. 1987) ("[A] lawful search of fixed premises generally extends to every part of the premises in which the object of the search may be found, notwithstanding the fact that separate acts of opening or entry may be required to complete the search.") (internal quotations and citations omitted). Marlow has failed to meet his burden to show that the motion to suppress would have been meritorious, and therefore, he has failed to meet the prejudice prong of *Strickland*.

### ii. *Jones* and *Apprendi*

Marlow's arguments with respect to *Apprendi* and *Jones* relate to Count I. In that Count, the government relied on Marlow's state conviction for unlawful possession of a controlled substance in Case Number 99-CF-1 (apparently, this was a methamphetamine possession conviction), to charge him with the unlawful possession of a firearm by a felon. (02-40075, Doc. 1). Marlow claims "[a]ny reasonably effective attorney would have recognized that *Apprendi* was implicated when the defendant was sentenced for possessing Methamphetamine, which is a crime that was not alleged in the indictment." (Doc. 2 at 17). To the extent Marlow claims his attorney should have challenged the merits of this underlying conviction his claim is meritless because he admitted to the conviction when he pleaded guilty. *See United States v. Williams*, 410 F.3d 397, 401 (7th Cir. 2005). Otherwise, his *Apprendi* and *Jones* claims are frivolous because the Court sentenced him to 46 months' imprisonment, substantially less than the 10-year statutory maximum under 18 U.S.C. § 924(a)(2). *Talbot v. Indiana*, 226 F.3d 866, 869-70 (7th Cir. 2000). Counsel cannot be ineffective for failing to make a frivolous argument. *See Fuller v. United States*, 398 F.3d 644, 652 (7th Cir. 2005). In any event, Marlow has failed to demonstrate good cause for the failure to raise these

claims on direct appeal or actual prejudice resulting therefrom.  For the foregoing reasons, the Court

**FINDS** that a hearing in this matter is unnecessary.  *See*  28 U.S.C. § 2255.

## CONCLUSION

Marlow's § 2255 motion (Doc. 1) is **DENIED**.  The Clerk of Court is **DIRECTED** to enter

judgment accordingly.

**IT IS SO ORDERED.**

**DATED: July 19, 2006.**

 s/ J. Phil Gilbert
**J. PHIL GILBERT
United States District Judge**